IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PATSY HODGES AND
JESSIE P. MABRY                                                      PLAINTIFFS

VS.                                CIVIL ACTION NO. 5:06-cv-65(DCB)(JMR)

AMERICAN FIDELITY
ASSURANCE COMPANY                                                     DEFENDANT

<u>ORDER</u>

This cause is before the Court in the defendant American Fidelity Assurance Company ("AFAC")'s motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) **(docket entry 4)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being otherwise fully advised as to the premises, the Court finds as follows:

The plaintiffs' claims arise out of cancer expense policies issued by AFAC to plaintiffs Patsy Hodges (Policy No. 1344354) and Jessie P. Mabry (Policy No. 2079751). Specifically, the plaintiffs' claims center on the interpretation and application of the term "actual charges" found in the policies. The plaintiffs claim that "actual charges" means the amount on a medical provider's initial bill, prior to any discounts mandated by law (Medicare or Medicaid) or contract (private insurance). AFAC, on the other hand, contends that "actual charges" means the amount actually owed to the medical provider after the initial charges are reduced by any discounts. AFAC moves for dismissal on the basis

that the contract is clear and unambiguous and susceptible to no other meaning than that advanced by the defendant.

On December 21, 2007, the Fifth Circuit Court of Appeals handed down its decision in <u>Guidry v. American Public Life Insurance Co.</u>, 512 F.3d 177 (5th Cir. 2007), dealing with a cancer and specified disease policy using the term "actual charges."  The Fifth Circuit held:

> We find that the language "actual charges" as used in the Policy is ambiguous.  On the one hand, "actual charges" could reasonably mean the amount the patient was originally billed for medical services.  This is the amount that the patient was "actually charged," even if the medical services provider intended to accept less from the patient's insurance carrier. On the other hand, "actual charges" could reasonably mean the amount for which the insured is actually liable based on the discounted bill.  Under this interpretation, the amount originally billed for medical services is the amount "charged," and the amount of the discounted bill is the amount "actually charged."

<u>Id</u>. at 182 (footnote omitted).  The appellate court reversed the district court's dismissal of the plaintiffs' claims, and remanded for further proceedings.

<u>Guidry</u> was an appeal from the Western District of Louisiana, and Louisiana state law applied.  Nevertheless, this Court finds the Fifth Circuit's decision persuasive in determining what the Mississippi Supreme Court would do if faced with the issue.  In light of <u>Guidry</u>, this Court finds the meaning of the term "actual charges" ambiguous, and finds that AFAC's motion must be denied.

The Mississippi Supreme Court has implemented a three-tier

2

process for contract interpretation:

> First, we look to the "four corners" of the contract and at the language the parties used in expressing their agreement. "When an instrument's substance is determined to be clear and unambiguous, the parties' intent must be effectuated." Where the instrument is not so clear, we "will, if possible, harmonize the provisions in accord with the parties' apparent intent." If we are unable to determine the parties' intent from examining the four corners of the instrument, we may apply the canons of contract construction. If the intent is still unclear, we may then consider parol or extrinsic evidence.

Gatlin v. Sanderson Farms, Inc., 953 So.2d 220, 222 (Miss. 2007)(quoting and otherwise citing Pursue Energy Corp. v. Perkins, 558 So.2d 349, 351-53 (Miss. 1990))(internal citations omitted). Furthermore, "the Mississippi Supreme Court [has] held that testimony which does not add to, contradict, vary or change the legal import of a contract is admissible where it is offered to explain or assist in construing the document ...." America Southwest Corp. v. Underwriters at Lloyds, London, 333 F.Supp. 1333, 1336 (S.D. Miss. 1971)(citing Valley Mills v. Southeastern Hatcheries of Miss., Inc., 145 So.2d 698 (1962)).

The parties shall therefore be allowed to conduct discovery relating to interpretation of the insurance contract, including parol or extrinsic evidence to show the intent of the parties. Accordingly,

IT IS HEREBY ORDERED that the defendant American Fidelity Assurance Company's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) **(docket entry 4)** is DENIED;

FURTHER ORDERED that the parties consult with Chief Magistrate Judge Roper concerning a discovery schedule.

SO ORDERED, this the   17th   day of March, 2008.

                                                      s/ David Bramlette   
                                              UNITED STATES DISTRICT JUDGE